## MULLIN v. LANGLEY.

### (Supreme Court, Appellate Term. March, 1902.)

1. BUILDING CONTRACTS—CONSTRUCTION—PAYMENTS—REFUSAL.

Plaintiff, a subcontractor under defendant in the erection of a school building, of which one section was not begun, while the other was nearly completed, agreed to do the electrical work on the entire building. The contract provided that defendant should make a biweekly payment for the labor needed, that material be paid for in 30 days after delivery at the building, and that, because of the need of finishing the first section at once, the equivalent of $400 should be paid in 10 days from the completion of the electrical work on that section. Defendant, without objection, paid plaintiff $301 for labor and material for the first two weeks' work, but a month later refused to pay $78, of which $63 was for labor, claiming that, with the former payment, it would aggregate more than was due on the first section. There was no evidence that the labor had not been performed, or was charged for at an unreasonable rate. *Held* that, under the contract, defendant was entitled to receive payments for labor and materials on the first section of the building to the amount of $400, and hence defendant was not justified in refusing payment for the labor included in the second bill.

2. APPEAL—MODIFICATION OF JUDGMENT—IMPROPER ITEMS—DEDUCTION.

Where a judgment for a sum is concededly composed partly of items not shown to be due, the appellate court will modify the judgment by deducting such items.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Colman J. Mullin against John Langley. From a judgment of the municipal court, Tenth district, borough of Manhattan, in favor of plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and GIEGERICH, and GREENBAUM, JJ.

Hyland & Zabriskie, for appellant.

Meighan & Necarsulmer, for respondent.

FREEDMAN, P. J. The material facts in this case are as follows: The plaintiff and the defendant entered into a written contract by the terms of which the plaintiff was to do the electrical work upon a certain public school building at an agreed price of $725, the defendant having a contract to fully complete the same. The work was to be done upon two sections of the building, one of which had not been commenced, and one of which was being completed, when the contract was made. The plaintiff begun the work about November 20th, and rendered a bill to the defendant for the first two weeks for labor and material used in the performance of the work, which bill aggregated the sum of $301. This bill was paid by the defendant without objection or protest. About the 20th of December following, the plaintiff presented to the defendant another bill amounting to the sum of $78, of which $63 was for labor, $5 for material, and the sum of $10 claimed to be for "expenses." These expenses are not specifically enumerated by the plaintiff, and there is no testimony in the case from which the items thereof can be definitely ascertained. What occurred between the parties when this last-mentioned bill was presented for payment is in dispute. The plaintiff testifies that, when he demanded its payment,

the defendant absolutely refused to pay the same, without giving any reason for such refusal. The defendant claims that no bills were ever presented by the plaintiff prior to the one mentioned, but that plaintiff drew money from time to time, and that payment of the latter bill was refused because it was found that, if the defendant paid the amount of that bill, it would cost the defendant considerably more than was called for by the contract, as the sum for which the plaintiff was to do the work upon the first half of the building. Upon the refusal by the defendant to pay the $78, the plaintiff abandoned the work, and brought this suit, and obtained a judgment for the full amount in the court below. The right of the plaintiff to sustain such judgment depends upon the construction of certain sections of the contract, which sections read as follows, viz.:

"(1) That a 2 weekly payment be made, covering the amount of necessary labor, as the work proceeds.

"(2) That payment for material be made within 30 days after receipt of the same at the school building.

"(3) As it will be necessary to complete and put in order the present portion of the building at once, it is stipulated and agreed that the equivalent of $400 shall be due and paid in full within 10 days after completion of the electrical work in that portion."

The primary rule in the interpretation of a contract is to gather the intention of the parties from the words as contained in the whole contract; and the court may be assisted in such interpretation by such circumstances as the parties are presumed to have considered when their minds met, and as existed at the time of the execution of the contract. Tested by this standard, the evident intent of the parties at the time the contract was made was that while payments for necessary labor should be made every 2 weeks, and for material within 30 days after delivery thereof at the building, yet such payments should not exceed the sum of $400, and that, if any surplus remained after making such payments, such surplus should be due and paid within 10 days after the first half of the building was completed. If this construction is correct, then, at the time the bill for $78 was presented to him for payment, the defendant had no right to refuse to pay for the necessary labor charged for therein, unless he could show that such labor had not been performed, or that the amount charged was unreasonable, or that such payment would exceed the sum of $400 provided in the contract as the total amount to be paid for the labor and materials on the first section of the building. No proof whatever was offered in support of either of these defenses, and, having made the prior payment of $301 without objection, the defendant was precluded from claiming in this action, as a defense to the payment of the bill of $78, that the amount charged for labor and materials in the bills previously paid by him was unreasonable in value, or that the labor had not been done nor the materials furnished, or that the payment of such bill, together with the sum of $301 previously paid, would not fully complete the work and supply the materials on the first half of the building; and any testimony as to the further cost of the work upon the building was properly excluded by the court. It is evident that the refusal by the defendant to pay said bill was founded upon the assumption, that when

paid, the plaintiff would abandon the work. The responsibility of completing the work rested upon the plaintiff, and for a failure to perform, if defendant performed on his part, plaintiff was liable in damages. If this result works a hardship on defendant, who, it appears, has been compelled to finish the building at a cost exceeding the $400 provided in the contract with the plaintiff, the fault lies with the defendant, in not requiring security for the performance on the part of the plaintiff; and this court cannot relieve him from the consequences of his own negligence.

As, however, the bill for $78, for which the plaintiff had judgment, is concededly composed of $5 for materials, and it does not appear that such sum was due at the time this action was commenced (that is to say, that 30 days had elapsed since its delivery), and as the sum of $10 charges therein does not appear to be for either labor or materials for which the defendant was liable, the judgment should be modified by reducing the same to $63. Judgment modified by reducing the same to the sum of $63, and, as modified, affirmed, without costs of this appeal to either party.

Judgment modified, and, as modified, affirmed, without costs. All concur.